```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN M. EASTMAN                  :       10-mc-206
                                  :
     v.                           :
                                  :
KNIGHT ADJUSTMENT BUREAU, INC.    :
```

ORDER

AND NOW, this 4th day of February, 2011, upon consideration of plaintiff Susan M. Eastman's complaint filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") (Bankr. Case No. 10-14202, docket entry # 41; Adv. Case No. 10-364, docket entry # 1), defendant Knight Adjustment Bureau, Inc.'s answer filed in Bankruptcy Court (Adv. Case No. 10-364, docket entry # 4), and Bankruptcy Judge Bruce I. Fox's Report and Recommendation in this matter (docket entry # 1), and the Court finding that:

(a)  On May 21, 2010, Danyll L. and Susan M. Eastman filed a voluntary petition for bankruptcy in Bankruptcy Court under Chapter 13 of the United States Bankruptcy Code (Bankr. Case No. 10-14202, docket entry # 1);

(b)  On September 17, 2010, Susan M. Eastman filed a complaint in Bankruptcy Court against Knight Adjustment Bureau, Inc., alleging that the defendant had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

Pl.'s Compl. ¶¶ 14-15, and the Pennsylvania Fair Credit Uniformity Extension Act ("FCUEA"), 73 Pa. Cons. Stat. Ann. § 2270.1 et seq., id. ¶¶ 16-18, and asserting that "this adversary proceeding is a core proceeding," id. ¶ 2;

(c) In its October 20, 2010 answer, defendant agrees "that this Court has subject matter jurisdiction over Plaintiff's federal claims," Def.'s Answer at 1, but "demands a jury pursuant to Fed. R. Civ. P. 28 for all isues so triable," id. at 3;

(d) On November 12, 2010, Bankruptcy Judge Bruce I. Fox filed a Report and Recommendation finding that plaintiff's claims are non-core and that "there are claims alleged against the defendant that may be heard by a jury," Recommend'n at 3-4;

(e) Judge Fox consequently "recommended that the district court withdraw the reference in this proceeding pursuant to 28 U.S.C. § 157(d)," id.;

(f) In reviewing a bankruptcy court's determinations, "we review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof," In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3d Cir. 1998) (citing In re Engel, 124 F.3d 567, 571 (3d Cir. 1997)), so that we will set out the relevant law and apply it to the facts at hand ourselves, guided by Judge

2

Fox's excellent canvass of the issues;

      (g)   28 U.S.C. § 157(b)(2) distinguishes between core and non-core proceedings, listing examples of the former[1];

      (h)   Under § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section

---

[1] These examples are: "(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but no the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the state for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings and other matters under chapter 15 of title 11."

158 of this title," and § 157(c)(1) allows "bankruptcy judge[s] [to] hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11";

(i) Section 157(c)(1) also requires, though, that in any non-core "proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected";

(j) As our Court of Appeals explained in <u>Beard v. Braunstein</u>, 914 F.2d 434, 443 (3d Cir. 1990),

> The Seventh Amendment limitations on the review of jury findings are not compatible with section 157(c)(1), which requires that any contested finding by the bankruptcy court must be reviewed de novo. By the Seventh Amendment, any fact found by a jury cannot be reviewed de novo. Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding.

(k) Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown";

(l) We must therefore first decide whether the claims plaintiff asserts against defendant are core or non-core, and if

4

they are non-core, must then determine whether a jury trial may be held in this matter; if the matter is non-core and subject to jury trial, we must withdraw the reference of the proceedings between Eastman and Knight Adjustment Bureau, Inc.;

(m) Turning to the first question, plaintiff asserts that "[o]n June 16, 2010, post-petition, Defendant sent Plaintiff a letter dunning her for an alleged debt due to the Universal Accounting Center" in the amount of $7,805.41, Pl.'s Compl. ¶¶ 7-8, and claims that defendant seeks to charge excessive interest and that "the amount of collection fees and costs are excessive, illegal, and not permissible under the contract," id. ¶¶ 10, 12;

(n) Plaintiff therefore argues that defendant has violated the FDCPA and FCUEA, id. ¶¶ 14-18, and demands a declaratory judgment and actual and statutory damages, id. at 4;

(o) According to our Court of Appeals, Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999) (citations omitted),

> To determine whether a proceeding is a "core" proceeding, courts of this Circuit must consult two sources. First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, "'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy

5

case.'"

(p) Plaintiff does not explain why she contends that "[t]his adversary proceeding is a core proceeding," Pl.'s Compl. ¶ 2, and of the types of proceedings listed in § 157(b)(2), the only type even plausibly applicable to the present case is 157(b)(2)(O), concerning "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims";

(q) We are skeptical that the potential of plaintiff's claims to result in a recovery that will enlarge the assets of her estate, by itself, renders these proceedings core, since "'subsection (O) does not render a proceeding core merely because the resolution of the action results in more, or less, assets in the estate,'" In re Donington, Karcher, Salmond, Ronan & Rainone, 194 B.R. 750, 759 (D.N.J. 1996) (Walls, J.) (quoting In re Baranello & Sons, Inc., 149 B.R. 19, 25 (E.D.N.Y. 1992));

(r) Moreover, plaintiff's claims resoundingly fail the second core/non-core test suggested by our Court of Appeals in Halper, since plaintiff asserts no rights under title 11 of the bankruptcy code, and her claims could easily have arisen outside of bankruptcy and turn in no way on her bankruptcy;

6

(s)   We thus agree with Judge Fox that the present proceedings are non-core under § 157(b)(2);

(t)   The Seventh Amendment states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," U.S. CONST. AMEND. VII, and as the Supreme Court elaborated in Parsons v. Bedford, 28 U.S. 433, 446-47 (1830), "[t]he phrase 'common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence. . . . By common law, [the framers] meant what the constitution denominated in the third article 'law'; not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined";

(u)   Since plaintiff seeks no equitable relief, but only a declaratory judgment and damages, and since she disputes a debt in the amount of $7,805.41, it is evident that the parties here are entitled to a jury trial under the Seventh Amendment, and the defendant has thus made a valid jury demand; and

(v)   Because "a bankruptcy court cannot conduct a jury trial in a non-core proceeding," Beard, 914 F.2d at 443, and because the proceedings between Eastman and Knight Adjustment Bureau, Inc., are non-core and potentially subject to jury trial,

7

we agree with Judge Fox that we are compelled to withdraw the reference of these proceedings to the bankruptcy court;

It is hereby ORDERED that:

1. The Report and Recommendation of Judge Fox (docket entry # 1) is APPROVED AND ADOPTED;

2. The reference to the United States Bankruptcy Court for the Eastern District of Pennsylvania of plaintiff Susan M. Eastman's adversary proceedings against defendant Knight Adjustment Bureau, Inc (Adv. Case No. 10-364) is WITHDRAWN and Eastman shall commence her FDCPA action against Knight Adjustment Bureau, Inc. as a new civil action conformably with Fed. R. Civ. P. 8; and

3. The Clerk shall statistically CLOSE this case.

BY THE COURT:

/s/ Stewart Dalzell, J.